UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.:   1:19-cv-07625-AJN

VE

            Plaintiff,

vs.

DARREN K. INDYKE AND
RICHARD D. KAHN AS JOINT
PERSONAL REPRESENTATIVES OF
THE ESTATE OF JEFFREY E. EPSTEIN,
NINE EAST 71ST STREET, CORPORATION,
FINANCIAL TRUST COMPANY, INC.,
NES, LLC,
            Defendant.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE
TO PROCEED ANONYMOUSLY**

## ARGUMENT

## I.   PLAINTIFF IS PERMITTED TO PROCEED ANONYMOUSLY IN THIS CIRCUIT.

This action involves Jeffrey Epstein's sexual assault of Plaintiff ("Plaintiff") in violation of the New York Law and/or the Trafficking Victims Protection Act under 18 U.S.C. §§ 1591 through 1595.  Plaintiff submits this Memorandum of Law in support of Plaintiff's Motion for Leave to Proceed Anonymously.  Allowing Plaintiff to proceed anonymously will protect her highly sensitive personal information that will remain the focus of this litigation. There is no prejudice to Defendants in allowing Plaintiff to proceed anonymously, nor is there any significant public interest in the disclosure of the Plaintiff's identity.  In fact, the public interest in this case weighs in favor of granting Plaintiff's request to proceed anonymously for her protection.

Federal Rule of Civil Procedure 10(a) requires a Complaint to "include the names of all the parties."  However, the court has discretion to allow a plaintiff to proceed anonymously.  *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 190 (2d. Cir. 2008).  "[C]ourts have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault." *Doe. No. 2 v. Kolko*, 242 F.R.D. 193, 196 (EDNY 2006); *see also* 1991 McKinney's Sessions Laws of N.Y. at 2211-2212 ("sexual assault victims have unfortunately had

to endure a terrible invasion of their physical privacy. They have a right to expect that this violation will not be compounded by a further invasion of their privacy").

"When determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. The balancing of interests entails the consideration of ten non-exhaustive factors, though the court has discretion to consider "other factors relevant to the particular case under consideration." *Id.* at 189-190. The ten factors are:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations and quotations omitted).

## II.     ALL TEN ANONYMITY FACTORS WEIGH IN FAVOR OF PERMITTING PLAINTIFF TO PROCEED ANONYMOUSLY.

In this case, all delineated *Sealed Plaintiff* factors support Plaintiff's application for anonymity, which should be granted for her protection.  Plaintiff is a victim of multiple instances sexual assault as a minor child.  The heinous acts that were committed against Plaintiff are highly sensitive in nature and are particularly difficult for her to address in a public forum.

For those reasons, among many others, identification of Plaintiff in this matter may pose a risk of retaliation. *See* S*ealed Plaintiff*, 537 F.3d at 190.  In order to warrant anonymity, the possible retaliatory harm may be either physical or psychological in nature. *See Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) Epstein's vast wealth and far reaching connections make it clear that retaliation could be employed against individuals pursuing claims against the Estate of Jeffrey Epstein.   In addition to exposing Plaintiff to physical or psychological harm, retaliation could also silence potential witnesses from coming forward.

The public exposure of Plaintiff's identity would certainly cause her to suffer additional or exacerbated emotional or psychological harm including shame, embarrassment, depression, anxiety, and the array of side effects that go along therewith.  Should Plaintiff's real identity be revealed, her safety could also be at risk as she is the world and the press who are currently laser focused on Jeffrey Epstein and his sexually exploitative escapades.

3

Despite the fact that Defendants are private parties and not Government entities, Defendants are not "ordinary" private parties because of Epstein's known wealth, power, and reputation. *See Kolko*, 242 F.R.D. at 195 (2006). Jeffrey Epstein has been a known sexual predator with substantial financial influence for many years. For years before his death, Epstein had been investigated by various state prosecutors and the Federal Bureau of Investigation (FBI) for his sexual assaults on young girls.

Given Epstein's notoriety, Plaintiff's allegations of sexual abuse and the widespread concealment of the same "raise concerns affecting a larger association rather than the interest of an individual plaintiff." *See id.* at 195. In this case, the "larger association" is society in general. Society has an interest in eradicating the predatory practices of powerful men against vulnerable, susceptible women— including the practice of luring young girls for sexual purposes. This case is therefore more "analogous to one involving a government defendant, where personal anonymity is more readily granted because of the existence of a public interest in the action." *EW v. New York Blood Center,* 213 F.R.D. 108, 112 (EDNY 2003).

"The public right to scrutinize governmental functioning is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself . . . Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *See Doe v. Stegall*¸ 653 F.2d 180, 185 (5th

Cir. 1981).  The public's interest in this legal question is not furthered by requiring Plaintiff to disclose her identity.  *See Sealed Plaintiff,* 537 F.3d at 190 (citing *Del Rio,* 241 F.R.D. at 154 ("whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities")); *see also Free Speech v. Reno,* Case No. 98 Civ. 2680 MBM, 1999 WL 47310 at *3 (SDNY Feb. 1, 1999) ("because the particular plaintiffs in this constitutional challenge are essentially interchangeable with similarly situated persons, there appears little public interest in which particular persons have actually sued…").  Because Plaintiff's anonymity would not impair the public's right to view or scrutinize this lawsuit, this factor weighs in favor of nondisclosure.  Moreover, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Kolko*, 242 F.R.D. at 195.

Finally, [t]he Second Circuit directed district courts to evaluate "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff,* 537 F.3d at 190 (citing *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001)):

> The only justification the defendants offer for stripping Roe of her privacy is the argument that they will not be able to adequately conduct discovery without knowing her true identity. However, that argument is eviscerated by Roe's offer to disclose her name to the defendants for discovery purposes on condition that they do not disclose it to the general public. That is a reasonable way to reconcile the competing

5

interests, and the district court can enter an appropriate protective order. The district court should have granted Roe's motion to proceed anonymously.

Here, Plaintiff will cooperate with the court and the Defendants and reveal Plaintiff's true identity to defendants for discovery purposes on the condition that Defendants do not disclose Plaintiff's name to the general public.

## III. CONCLUSION

The balancing factors articulated by the Second Circuit weigh in favor of protecting Plaintiff's identity by allowing her to proceed anonymously.  For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for Leave to Proceed Anonymously.

Dated:  August 20, 2019

Respectfully Submitted,

EDWARDS POTTINGER, LLC
By: */s/ J. Stanley Pottinger*
 J. Stanley Pottinger
 1930 Broadway, Suite 12 B
 New York, NY 10023
 (917)-446-4641
 Fax: (954)-524-2822
 Email: ecf@epllc.com

 Bradley J. Edwards
 Brittany N. Henderson
 425 N. Andrews Ave., Suite 2
 Fort Lauderdale, FL 33301
 (954)-524-2820
 Fax: (954)-524-2822
 Email: brad@epllc.com
         brittany@epllc.com

*(SEEKING ADMISSION PRO HAC VICE)*

6